UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
UNITED STATES OF AMERICA,                                      :
                                                               :     **ORDER GRANTING MOTION**
        -against-                                              :     **FOR COMPASSIONATE**
                                                               :     **RELEASE**
ROGER HERNANDEZ FROMETA,                                       :
                                                               :     18 Cr. 660 (AKH)
                              Defendant.                       :
                                                               :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

> Roger Hernandez Frometa (hereinafter "Defendant" or "Hernandez Frometa"), who is currently serving a 40-month sentence for conspiracy to distribute and possession with intent to distribute one kilogram of heroin, moves for compassionate release in light of the COVID-19 pandemic, his preexisting health condition, and the sentencing factors in 18 U.S.C. § 3553(a). For the reasons that follow, Hernandez Frometa's motion is granted.

## BACKGROUND

> Hernandez Frometa is forty years old and suffers from hypertension.[1] Def.'s Reply Memo. Supp. Mot. Compassionate Release ("Def.'s Reply") 1, ECF. No. 37 (citing Presentence Investigation Report ("PSR") ¶ 54). Hernandez Frometa, a citizen of the Dominican Republic, entered the United States in February 2017 and overstayed his visa; as such, he is undocumented. Gov't's Opp'n 5 (citing PSR ¶ 47), ECF No. 36. He has no prior criminal history. Def.'s Mot. Compassionate Release ("Def.'s Mot.") 1, ECF No. 34.

> Hernandez Frometa's conviction stems from a three-day period in August 2018 during which he agreed to deliver 1 kilogram of heroin to an informant at the direction of a co-

---

[1] Defendant originally stated that he has a history of hypertension and diabetes; however, his reply states "Mr. Hernandez Frometa does not rely on diabetes as a basis for establishing 'extraordinary and compelling circumstances'." Def.'s Reply 1 n.1. As such, I do not consider arguments regarding his history of diabetes.

conspirator.  Gov't's Opp'n  5; *see also* Sentencing Tr. 8:22- 9:10, ECF No. 27.  He was arrested

on August 30, 2018, leaving his apartment with approximately 985 grams of heroin in his

backpack which he intended to deliver to the informant.  PSR ¶16, ECF No. 20.  Hernandez

Frometa was subsequently charged with one count of conspiracy to distribute and possession

with intent to distribute heroin in violation of 21 U.S.C. § 846.  He pleaded guilty before

Honorable Debra Freeman in December 2018, and I accepted his plea on March 20, 2019.  Order

Accepting Plea Allocution, ECF No. 21.  On May 23, 2019, I sentenced Hernandez Frometa to

40 months' imprisonment. J. 2, ECF No. 26.  This sentence was below the suggested 57-71

months Sentencing Guidelines range.  Sentencing Tr. 15:11-12.  I did not impose supervised

release, since Hernandez Frometa is subject to an Immigration Customs and Enforcement

("ICE") detainer and immediate removal to the Dominican Republic following his imprisonment.

Sentencing Tr. 15:21-24.

   Hernandez Frometa now moves for compassionate release.  He has been

incarcerated since August 31, 2018, Sentencing Tr. 4:12-20, and has served more than 25 months

of his 40-month sentence. Def.'s Reply 2.  He is currently incarcerated at Moshannon Valley

Correctional Center ("MCC"), a private prison operated by the GEO Group in Pennsylvania, and

is scheduled for release on July 30, 2021, less than a year from now.  Gov't's Opp'n 2.

## DISCUSSION

   "Federal courts are forbidden, as a general matter, to 'modify a term of

imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject

to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011).  A court may

"reduce the term of imprisonment. . . after considering the factors set forth in section 3553(a) to

the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons

warrant such a reduction . . . and that such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i); *see also*

2

*United States v. Ogarro*, No. 18-cr-373-9 (RJS), 2020 WL 1876300, at *2 (S.D.N.Y. Apr. 14, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)) ("[A] court may 'reduce' a defendant's sentence where 'extraordinary and compelling reasons warrant such a reduction,' and such relief would be consistent with both the factors in 18 U.S.C. § 3553(a) and 'applicable policy statements issued by the Sentencing Commission.'"). The Defendant bears the burden of showing he is entitled to this relief. *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

## I.   Defendant Has Exhausted His Administrative Remedies.

A defendant meets the compassionate release provision's exhaustion requirement where he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or where 30 days have lapsed since the defendant's application to the warden for compassionate release, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). "[T]he statute does not necessarily require the moving defendant to fully litigate his claim before the agency (i.e., the BOP) before bringing his petition to court. Rather, it requires the defendant either to exhaust administrative remedies or simply to wait 30 days after serving his petition on the warden of his facility before filing a motion in court." *United States v. Haney*, No. 19-cr-541 (JSR), 2020 WL 1821988, at *3 (S.D.N.Y. Apr. 13, 2020) (emphasis in original)). Requests made by another person on behalf of an inmate are processed by the Bureau of Prisons in the same manner as an inmate's request 28 C.F.R. § 571.61(b).

Here, over thirty days have lapsed since Hernandez Frometa's application to the warden for compassionate release. Counsel for Hernandez Frometa moved for compassionate release on his behalf on May 1, 2020, citing health conditions that place him at increased risk for complications from COVID-19. Def.'s Mot. Ex. A. The request was denied. *Id.* Therefore, Hernandez Frometa has met the threshold requirement under 18 U.S.C. § 3582(c)(1)(A).

## II.   Defendant Has Established Extraordinary and Compelling Reasons For Compassionate Release.

3

The Sentencing Commission lists four circumstances under which extraordinary and compelling reasons justifying compassionate release exist, including "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I). The fourth category recognizes extraordinary and compelling reasons for compassionate release in a defendant's case "other than, or in combination with, the reasons described in [the prior three categories]." U.S.S.G. 1B1.13, cmt. n.1(D).

Numerous courts have held that the presence of preexisting conditions that increase the risks associated with the virus, in combination with the conditions of confinement, constitute extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Pena*, No. 15-cr-551 (AJN), 2020 WL 2301199, at *4 (S.D.N.Y. May 8, 2020) (modifying sentence to time served due to inmate's hypertension, in combination with risk of COVID-19, presented extraordinary and compelling reasons); *United States v. Bayuo*, No. 15-CR-576 (JGK), 2020 WL 3415226, at *2 (S.D.N.Y. June 20, 2020) (granting compassionate release and releasing to ICE custody due to inmate's hypertension and diabetes, in combination with the risk of COVID-19); *United States v. Scparta*, No. 18-cr-578 (AJN), 2020 WL 1910481, at *9 (S.D.N.Y. Apr. 20, 2020) (modifying sentence to time served where inmate's hypertension, sleep apnea, and high cholesterol, in combination with risk of COVID-19, presented extraordinary and compelling reasons); *United States v. Sawicz*, 453 F. Supp. 3d 601, 605 (E.D.N.Y. 2020) (modifying sentence to time served where inmate's hypertension in combination with risk of COVID-19 presented extraordinary and compelling reasons). However, "[t]he risks posed by [the] COVID-19 pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative

4

complications from the disease." *United States v. Nehmad*, No. 16-cr-829 (AKH), 2020 WL 4586798, at *1 (S.D.N.Y. Aug. 10, 2020) (quoting *United States v. Hasan-Hafez*, No. 16 Cr 221-2, 2020 WL 2836782, at *4 (S.D.N.Y. June 1, 2020)) (denying modification of a sentence where inmate's medical conditions were not considered high risk with respect to COVID-19.)

According to the Centers for Disease Control and Prevention, individuals with hypertension are at increased risk for severe illness from COVID-19. Centers for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Oct. 6, 2020). This Court has recognized hypertension as "a comorbidity that increases the likelihood of serious risk from COVID-19." *Pena*, No. 15-CR-551 (AJN), 2020 WL 2301199, at *4 (collecting cases). We have also recognized that incarcerated individuals are uniquely vulnerable to contracting COVID-19. *Id.* (citing *United States v. Stephens*, No. 15-cr-95 (AJN), 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020)) ("[T]he COVID-19 pandemic presents an extraordinary and unprecedented threat to incarcerated individuals. . . This is true even though. . . the Bureau of Prisons has taken significant action to reduce the risk COVID-19 poses to prisoners.").

Here, Hernandez Frometa argues that that the risk the coronavirus pandemic poses to him because of his hypertension provides an extraordinary and compelling reason under the Sentencing Guideline's fourth category. Def.'s Mot. 3-4. He alleges that the conditions of his confinement "create an ideal environment for the transmission" of COVID-19 and that he cannot protect himself from the spread of COVID-19. *Id.* at 5. He also notes that while there is no publicly available information regarding COVID-19 statistics or testing rates at MCC, he has heard that at least one staff member has tested positive "recently". *Id.* at 6.

The Government argues that Hernandez Frometa's circumstances do not constitute an extraordinary and compelling reason for a reduction in sentence. The Government

5

first notes that the "impossibility of social distancing" applies to every inmate.  Govt.'s Opp'n 4.

They then dispute that the Defendant currently suffers from serious underlying health conditions

that would place him at greater risk for complications from COVID-19, as he is not of advanced

age or on any medication at present.  *Id.* (citing PSR ¶57).  They acknowledge that while the

Defendant has had elevated blood pressure readings, he has not established that his hypertension

is so severe as to place him at greater risk of complications.  *Id.*

       In response, Hernandez Frometa argues that hypertension is a well-established

risk factor for COVID-19 complications, and that his medical records document a pattern of

elevated high blood pressure readings.  Def.'s Reply 1.  Defendant argues that MCC has failed to

give him medicine to control his hypertension, leaving him susceptible to COVID-19.  *Id.* at 2.

       Neither Hernandez Frometa's hypertension nor the COVID-19 pandemic are

themselves severe enough to warrant compassionate release, *see Nehmad*, No. 16-cr-829 (AKH),

2020 WL 4586798, at *1; however, in combination, and in relation to the ICE detainer which

awaits him the moment his custody ends, they constitute extraordinary and compelling

circumstances.  *Scparta*, No. 18-cr-578 (AJN), 2020 WL 1910481, at *9.  The increased risk

Hernandez Frometa faces for serious complications due to his hypertension is exacerbated by his

inability to engage in social distancing practices and other self-protective measures in his current

conditions of confinement, and is further exacerbated by the conditions in the various jails used

by ICE to detain persons awaiting removal.  Thus, I find that Hernandez Frometa has established

extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A)(i).

## III.    Section 3553(a) Factors and Policy Statements of the Sentencing Commission.

      "The court confronted with a compassionate release motion is still required to

consider all the Section 3553(a) factors to the extent they are applicable." *United States v. Gotti*,

433 F. Supp. 3d 613, 615 (S.D.N.Y. 2020).  The most relevant factors include "the nature and

circumstances of the offense and the history and characteristics of the defendant"; the need for

the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to

provide just punishment for the offense"; the need for the sentence "to afford adequate

deterrence to criminal conduct"; the need for the sentence "to protect the public from further

crimes of the defendant"; and "the need to avoid unwarranted sentence disparities among

defendants with similar records who have been found guilty of similar conduct." 18 U.S.C.

§3553(a). Under the Sentencing Commission's policy statement, a court may grant

compassionate release if "[t]he defendant is not a danger to the safety of any other person or to

the community, as provided in 18 U.S.C. § 3142(g)," and "[t]he reduction is consistent with [the]

policy statement." U.S.S.G. § 1B1.13.

The Section 3353(a) factors weigh in favor of Hernandez Frometa's release. The

underlying conduct here is nonviolent; Hernandez Frometa delivered heroin at the request of his

co-conspirator. Sentencing Tr. 9:8-9. Hernandez Frometa was "neither a supplier nor the

beneficiary of the deal," but he did play an important role in carrying out the deal. *Id.* at 14:24-

15:2. I explained at his sentencing that his conduct did not merit a guideline sentence, even one

at the bottom range. *Id.* at 15:6-8. Hernandez Frometa pleaded guilty, accepted responsibility

for his conduct before the Court, and expressed remorse for his involvement in the scheme.

Forty months is a sufficiently serious sentence to reflect the seriousness of Hernandez Frometa's

offense. Hernandez Frometa has served 25 months, over 60 percent of his sentence, which is

sufficient to satisfy the purposes of criminal sentencing, particularly in light of the ICE detention

that will follow.

Moreover, Hernandez Frometa likely does not pose a danger to the safety of

others or to the community. He has no criminal history other than his instant conviction.

Gov't's Opp'n 5. Defendant alleges, and the Government does not dispute, that Hernandez

Frometa has been a "model prisoner". Def.'s Reply 3. In the time Mr. Hernandez was

7

incarcerated prior to his sentencing, he worked in the facility's kitchen for several months. Sentencing Tr. at 7:8-16.  Additionally, Hernandez Frometa recently agreed to an expedited removal order and will be released to ICE custody and deported after completing his sentence. Def.'s Reply 3.  He has made arrangements for housing and work in the Dominican Republic. *Id.*  Thus, taking into consideration his conduct prior to and post-conviction, and his impending deportation, I find that Hernandez Frometa does not pose a danger to society.

After reconsideration of the § 3553(a) factors and the policy statement, I hold that defendant has satisfied his burden to show extraordinary and compelling circumstances for compassionate release.

## CONCLUSION

For the foregoing reasons, Defendant Hernandez Frometa's motion for compassionate release, and his sentence is modified to time served.  The Government is ordered to release Hernandez Frometa to ICE custody.  The Clerk shall terminate the open motion (ECF No. 34).

SO ORDERED.

Dated:  October 19, 2020
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

8